IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: ) | |
| ) | |
| RIM DEVELOPMENT, LLC,. ) | Case No. 10-10132 |
| Debtor-in-Possession. ) | Chapter 11 |
| ) | |

**DEBTOR'S MOTION FOR INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION**

COMES NOW, RIM Development, LLC, as Debtor and Debtor-in-Possession in the above captioned case, by and through its undersigned counsel, and hereby files this Motion for Interim Order Authorizing Use of Cash Collateral and Granting Adequate Protection (the "Motion") pursuant to 11 U.S.C. §363 and 11 U.S.C. §361.

In support of this motion, the Debtor respectfully represents as follows:

**INTRODUCTION**

1. On or about January 22, 2010, the Petition date, the Debtor commenced the reorganization case by filing a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code §101-1330 (the "Bankruptcy Code").

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §157 and 28 U.S.C. §1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1408. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

3. The Debtor continues to manage its property and operate its business as Debtor-in-Possession pursuant to 11 U.S.C. §§1107 and 1108. No Trustee or examiner has been appointed in this case.

In the United States Bankruptcy Court for the District of Kansas
IN RE: RIM Development, LLC
Bankruptcy Case No. 10-10132
Debtor's Motion for Interim Order Authorizing Use of Cash Collateral and Granting Adequate Protection
Page 2

4. The Debtor is the owner of real estate in Ogden, Kansas.

5. The Debtor is a Nebraska limited liability company registered to do business in Kansas, consisting of three members, Irons Development Corporation, RAM Engineering, Inc., and Inland Constructors, Inc.

6. The 72 unit apartment complex is managed by Steward Management, LLC, a wholly owned subsidiary of the Debtor, with Steward's activities overseen by members of Debtor. The entire project (commercial, retail, residential) is overseen and managed by the members of Debtor. A more detailed description of Debtor's property is set forth on Schedule A, a copy of which is attached hereto as Exhibit A.

7. The principals of the members of the Debtor are as follows:

| | |
|---|---|
| Irons Development Corporation: | Carol A. Irons, President |
| RAM Engineering, Inc.: | Rick Meisinger, Member<br>Kellie Meisinger, Member |
| Inland Constructors, Inc.: | Art Robertson, President<br>Valerie Robertson |

8. The River Trail Addition, near Fort Riley, Kansas, is a multi-use development project which includes plans for apartments, multi-family residential homes, some single family and commercial development, all in various states of development. The Kansas Department of Transportation ('KDOT") initiated condemnation proceedings on November 6, 2009, Case No. 2009 CV 253 *Debra L. Miller v. RIM Development, LLC, et al.*, pending in Riley County District Court for the purpose of building a highway interchange for K-18 and K-114 as a

In the United States Bankruptcy Court for the District of Kansas
IN RE: RIM Development, LLC
Bankruptcy Case No. 10-10132
Debtor's Motion for Interim Order Authorizing Use of Cash Collateral and Granting Adequate Protection
Page 3

part of a larger project making K-18 four lanes towards Manhattan, Kansas. Currently, a 72 unit apartment complex is completed and nearly fully rented.

9. The Debtor granted mortgages to Commerce Bank & Trust n/k/a CoreFirst Bank & Trust ("CoreFirst") on or about December 21, 2006 that are believed to encumber virtually of the River Trail real estate owned by Debtor. The mortgage contains an assignment of rents clause. Debtor owes CoreFirst $1,606,968.51. The CoreFirst mortgages are believed to encumber the real estate subject to the condemnation proceedings. In addition, Corefirst has issued letters of credit which have not been drawn upon to assure payment of special assessments and other costs.

10. Over the period of February 25, 2008 and April 15, 2008, Debtor granted several mortgages to Textron Financial to secure indebtedness of $10,248,000.00. Textron asserts the current principal balance is $9,038,705.59. The Textron mortgages also include assignment of rent provisions. Attached hereto as Exhibit B are the first few pages of the most recent mortgage filing which summarizes Textron's asserted encumbrances.

11. Debtor estimates the value of the real property subject to the mortgages of Corefirst and Textron to be $20,000,000.00.

12. The Textron mortgages encumber a significant part of the River Trail project.

13. The Textron mortgages do not reach all of the Debtor's real estate, but do reach a portion of the property subject to the eminent domain proceedings.

14. Steward Management, LLC leases the apartment units and pays expenses associated with

In the United States Bankruptcy Court for the District of Kansas
IN RE: RIM Development, LLC
Bankruptcy Case No. 10-10132
Debtor's Motion for Interim Order Authorizing Use of Cash Collateral and Granting Adequate Protection
Page 4

maintaining and repairing apartment units and pays such expenses out of an account maintained by its management personnel funded by a portion of the rents it collects.

15. All personnel at the apartment complex are employees of Steward Management, LLC. The leases for the premises show Steward Management as the lessor.

16. Various modifications of Textron's loan agreements took place. Textron asserts that various alleged breaches of various notes, contracts and security agreements have taken place sufficient to lead Textron to declare an alleged default, accelerate the indebtedness and commence a foreclosure action, Riley County Case No. 09 CV 189, *Textron Financial Corporation v. RIM Development, et al.* The foreclosure action seeks foreclosure of the debtor's real property to the extent Textron asserts its mortgage encumbers debtor's real property and further seeks monetary judgment in the approximate sum of $9,038,705.00, with costs and interest as may be allowed by law.

17. The Debtor proposes to utilize the rents which may be claimed by CoreFirst or Textron as cash collateral for payment of expenses of operating the apartment complex and the other real estate and the expenses expected to be incurred in connection with the eminent domain proceedings. Such use ultimately benefits the respective interests of the secured creditors as well as unsecured creditors. There are several issues with respect to the eminent domain proceedings. A primary issue is what is the nature and scope of the proposed taking and the effect the proposed taking will have on the rest of the debtor's property.

In the United States Bankruptcy Court for the District of Kansas
IN RE: RIM Development, LLC
Bankruptcy Case No. 10-10132
Debtor's Motion for Interim Order Authorizing Use of Cash Collateral
Page 5

18. The Debtor proposes to additionally utilize its cash collateral for the payment of professional expenses to its lawyers, Case, Moses, Zimmerman & Martin, P.A. and the Adams Jones Law Firm, P.A. Motions on behalf of Case, Moses, Zimmerman & Martin, P.A. have been filed so it can be paid on a monthly basis pursuant to the provisions of 11 U.S.C. §327 and Local Bankruptcy Rule 2016.1 from operating cash based upon 80% of incurred fees and 100% of their incurred expenses. The remaining net proceeds will be held in the debtor-in-possession account pending further order of the Court. Application for payment of expenses that may be incurred in connection with the eminent domain proceedings will be separately made.

19. After payment of the management fees, operating expenses and administrative expenses, the remaining proceeds will be held in the debtor-in-possession account to accumulate for payment of expert expenses.

20. A projected monthly cash flow budget is attached as Exhibit C.

21. Counsel for debtor has contacted counsel for Corefirst and Textron Financial and hopes to have an agreement shortly on the use of cash collateral.

WHEREFORE the Debtor prays the Court issue appropriate orders granting the use of cash collateral as set forth herein.

In the United States Bankruptcy Court for the District of Kansas
IN RE: RIM Development, LLC
   Bankruptcy Case No. 10-10132
   Debtor's Motion for Interim Order Authorizing Use of Cash Collateral
Page 6

RESPECTFULLY SUBMITTED:

CASES, MOSES, ZIMMERMAN & MARTIN, P.A.

 /s/ Susan G. Saidian
Susan G. Saidian, #13661
sgsaidian@cmzwlaw.com
200 W. Douglas, Suite 900
Wichita, Kansas 67202
(316) 303-0100 / (316) 265-8263 fax
*Attorneys for Debtor*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 22nd day of January, 2010, a true and correct copy of the Debtor's Motion for Interim Order Authorizing Use of Cash Collateral and Granting Adequate Protection was filed electronically with the United States Bankruptcy Court for the District of Kansas using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system. The parties of interest receiving notification U.S. first class mail are as follows:

David S. Fricke
CoreFirst Bank & Trust
3035 S. Topeka Boulevard
P. O. Box 5049
Topeka, KS 66605
   *Attorney for CoreFirst Bank*

John McClelland
ARMSTRONG TEASDALE, LLP
2345 Grand Boulevard, Suite 2000
Kansas City, MO 64108-2617
   *Attorney for Textron Financial Corporation*

U. S. Trustee
301 N. Main, Suite 1150
Wichita, KS 67202

                              /s/ Susan G. Saidian
                              Susan G. Saidian